IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BSG CLEARING SOLUTIONS NORTH AMERICA, LLC; ENHANCED SERVICES BILLING, INC.; and ACI BILLING SERVICES, INC., <br> *Plaintiffs*, <br><br> VS. <br><br> JEFF MCKAY; BRENDA MCKAY; DIANNA MILAM; AND MARK GREER <br><br> *Defendants*. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:17-cv-57 |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs BSG Clearing Solutions North America, LLC, Enhanced Services Billing, Inc., and ACI Billing Services, Inc. file this Original Complaint as follows:

### A. INTRODUCTION

1.     This dispute has arisen in connection with Plaintiffs BSG, ACI and ESBI's unsuccessful attempts to collect a judgment owing by companies controlled by the Defendants in this action. Defendants control several third-party telephone and internet service businesses, (a) Better Benefits Organization, Inc.; (b) Official Small Business Association, Inc.; (c) US Yellow Pages, Inc.; and (d) USB Organization, Inc. (collectively the "BBO Service Providers"). In approximately March 2014, the Defendants caused these entities to file suit against Plaintiffs BSG, ACI and ESBI. Plaintiffs filed counterclaims against the BBO Service Providers. While the BBO Service Providers ultimately were unsuccessful on their claims, Plaintiffs BSG, ACI and ESBI were awarded $426,218.53 in damages, plus attorneys' fees and costs of $201,284.28.

2. Since that judgment was entered the Defendants here and the BBO Service Providers have attempted to avoid Plaintiffs' collection efforts, arguing that the BBO Service Providers no longer exist, are insolvent, or otherwise should not be subject to judgment. Defendants similarly have sought to evade Plaintiffs' efforts. Plaintiffs file this action as, on information and belief, Defendants have fraudulently transferred assets or otherwise engaged in an artifice to defraud and evade creditors, like Plaintiffs.

## B. PARTIES

3. Plaintiff BSG Clearing Solutions North America, L.L.C. ("BSG") is a Delaware limited liability company with its principal place of business in San Antonio, Bexar County, Texas. The sole member of BSG is Billing Services Group North America, Inc., a Delaware corporation.

4. ACI Billing Services, Inc. ("ACI") is a Delaware corporation with its principal place of business in San Antonio, Bexar County, Texas.

5. Enhanced Services Billing, Inc. ("ESBI") is a Delaware corporation with its principal place of business in San Antonio, Bexar County, Texas.

6. Jeff McKay, a citizen of the State of California, residing at 3309 Decatur St. Modesto, California 95355, may be served with process at 3309 Decatur St., Modesto, California 95355, or wherever he may be found.

7. Brenda McKay, a citizen of the State of California, residing at 7613 Spy Glass Drive, Modesto, California 95356, may be served with process at 7613 Spy Glass Drive, Modesto, California 95356, or wherever she may be found.

8. Dianna Milam, a citizen of the State of California, residing at 1438 Jubal Ct. Oakdale, California, 95361, may be served with process at 1438 Jubal Ct. Oakdale, California, 95361, or wherever she may be found.

9. Mark Greer, a citizen of the State of California, residing at 79 Bottlebrush Court, Oakley, California 94561, may be served with process at 79 Bottlebrush Court, Oakley, California 94561, or wherever he may be found.

### C. JURISDICTION

10. This Court has original jurisdiction over this matter because there is complete diversity of the parties. 28 U.S.C. §1332, et seq., and the amount in controversy exceeds $75,000.

### D. VENUE

11. Venue is proper in this Court because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### E. FACTS[1]

12. BSG is a holding company for several subsidiary companies, including ESBI and ACI, which provide clearinghouse services to the telecommunications industry. In simplified terms, clearinghouses like ACI and ESBI process and distribute billing information and payments on behalf of third-party service providers, such as Defendants. When a third-party service provider sells their products or services to consumers, some consumers elect to pay for the products and services by adding the charges to their regular monthly landline telephone bill

---

[1] Because the facts giving rise to this lawsuit are substantially similar to a related lawsuit previously decided by this Court (Cause No. 5:14-CV-00242-JWP; *Better Benefits Organization, Inc., et al v. BSG Clearing Solutions North America, LLC, et al;* In the United States District Court for the Western District of Texas, San Antonio Division), Plaintiffs provide a truncated factual background and incorporate by reference the facts set forth in Plaintiffs' Counterclaim against (a) Better Benefits Organization, Inc.; (b) Official Small Business Association, Inc.; (c) US Yellow Pages, Inc.; and (d) USB Organization, Inc.

3

received from their local telephone company (LEC). The third-party service provider sends its billing or charge records in a standardized format to the clearinghouse, which sorts and distributes the charge records to the consumer's LEC (e.g. AT&T, Sprint, Verizon). After the LECs collect payments from consumers, the LEC remits the funds (less the LEC's fees and other amounts) to the clearinghouse, and then the clearinghouse sorts and distributes the funds (less the clearinghouse fees and other amounts) to the third-party service provider.

13. The billing and collection process is substantially more complicated than this description suggests. For multiple reasons, the LECs and clearinghouses need to protect themselves against losses and liability associated with processing a third-party service provider's charge records.

14. To protect themselves against the potential losses, the clearinghouse's agreements with the third-party service providers contain numerous provisions: (a) obligating the third-party service providers for any chargebacks, offsets, bad debt reserves and other assessments associated with processing the third-party service provider's billing records; (b) authorizing the clearinghouses to withhold funds from the third-party service providers as reserves against any and all such charges; and (c) protecting the clearinghouses against any liability that may be associated with processing a third-party service provider's billing records.

15. Defendants are the principals of several third-party service providers that previously entered into contracts with Plaintiffs. These third-party service providers included (a) Better Benefits Organization, Inc.; (b) Official Small Business Association, Inc.; (c) US Yellow Pages, Inc.; and (d) USB Organization, Inc.[2]  In particular, Defendant Jeff McKay is the president of Better Benefits Organization, Inc.  Defendant Brenda McKay is the president of

---

[2] True and correct copies of the agreements are attached hereto as exhibits A, B, C, and D.

Official Small Business Association, Inc.  Defendant Dianna Milam is the President of US Yellow Pages, Inc.  Defendant Mark Greer is the President of USB Organization, Inc.

16. In approximately March 2014, the BBO Service Providers filed suit against Plaintiffs, seeking to recover monies allegedly owing to the BBO Service Providers under their agreements with Plaintiffs.  In response, Plaintiffs asserted counterclaims for indemnity in connection with certain class action liabilities sustained by Plaintiffs.  In particular, Plaintiffs sought to recover $426,218.53 from the BBO Service Providers.  After almost two years of litigating the dispute, Plaintiffs were awarded summary judgment on their claims, and the United States District Court for the Western District of Texas entered judgment against the BBO Service Providers in the amount of $426,218.53, plus attorneys' fees and costs in the amount of $201,284.28.  A true and correct copy of the Final Judgment is attached hereto as Exhibit E.

17. Notwithstanding the entry of the Final Judgment, the BBO Service Providers failed to satisfy any of the amount owing.  Further, the BBO Service Providers altogether refused to participate in post-judgment discovery.  Indeed, even the BBO Service Providers' counsel has claimed to have no existing attorney-client relationship with the BBO Service Providers—citing the dissolution of the BBO Service Providers' entities.  Of course, these entities were dissolved prior to the BBO Service Providers filing suit against Plaintiffs, and that fact did not preclude the BBO Service Providers, their counsel, or Defendants Jeff McKay, Brenda McKay, Mark Greer, or Dianna Milam from prosecuting their claims.

18. On information and belief, the BBO Service Providers and Defendants Jeff McKay, Brenda McKay, Mark Greer, and Dianna Milam have worked in concert to transfer assets from the BBO Service Providers or otherwise to cause the BBO Service Providers to incur obligations.

19.     Notwithstanding their refusal to honor the judgment entered by this Court, Defendants and the BBO Service Providers received millions of dollars during the course of their contracts with Plaintiffs.

20.     Moreover, it is the conduct and business practices of the BBO Service Providers that caused the Plaintiffs to incur the class action liabilities that give rise to the damages Plaintiffs seek here. By way of example, the BBO Service Providers are among the entities identified by Senator John D. Rockefeller IV through the Senate's investigation regarding fees being charged to consumers via their telephone bills. Specifically, Senator Rockefeller's 2010/11 investigation and report described companies, like the BBO Service Providers, as "illegitimate" businesses "operating out of post office boxes, fake offices, and apartments, with 'presidents' that know nothing about their 'companies.'"

### F.  CONDITIONS PRECEDENT

21.     All conditions precedent have been performed or have occurred.

### G.  FRAUDULENT CONVEYANCE

22.     The allegations set forth above are incorporated in this section as if set forth fully.

23.     Defendants transferred assets from the BBO Service Providers or otherwise caused them to incur obligations (a) with actual intent to hinder, delay and otherwise defraud Plaintiffs; and/or (b) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the BBO Service Providers (i) were engaged or were about to engage in a business or a transaction for which the remaining assets of the BBO Service Providers were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or believed or reasonably should have believed that the BBO Service Providers would incur debts beyond their ability to pay as they became due.

24. Plaintiffs suffered substantial damages as the direct and proximate result of these wrongful acts.

### H. ALTER EGO/VEIL PIERCING/SINGLE BUSINESS ENTERPRISE/JOINT ENTERPRISE/AGENCY

25. The allegations set forth above are incorporated in this section as if set forth fully.

26. Plaintiffs plead the doctrines of alter ego, single business enterprise, agency and/or joint enterprise as to Defendants.

27. Accordingly, Defendant Jeff McKay is liable for the acts of Better Benefits Organization, Inc.; Defendant Brenda McKay is liable for the acts of Official Small Business Association, Inc.; Defendant Dianna Milam is liable for the acts of President of US Yellow Pages, Inc.; and Defendant Mark Greer is liable for the acts of President of USB Organization, Inc.

28. Moreover, the manner in which these individuals conducted these businesses operated, gave rise to Plaintiffs' claims and injuries.

29. Defendants and the BBO Service Providers were engaged in a joint enterprise because they had an express and/or implied agreement, a common purpose to be carried out, a community of pecuniary interest in that common purpose and an equal right to direct and control the enterprise.

30. Plaintiffs further plead that the corporate distinction between the following should be disregarded: (a) Defendant Jeff McKay and Better Benefits Organization, Inc.; (b) Defendant Brenda McKay and Official Small Business Association, Inc.; (c) Defendant Dianna Milam and US Yellow Pages, Inc.; and (d) Defendant Mark Greer and USB Organization, Inc. On information and belief, each entity was organized and has been operated as a mere tool or

business conduit for the Defendants and/or the corporate form was used as a sham to perpetrate a fraud.

## I. CONSPIRACY

31. The allegations set forth above are incorporated in this section as if set forth fully.

32. Defendants, acted in concert, conspired and agreed to deprive Plaintiffs of their ability to collect the debts they were owed by the BBO Service Providers. Defendants had a meeting of the minds on these objectives and engaged in multiple unlawful, overt acts, as set forth herein. Defendants acted with the intent to harm Plaintiffs, and, in fact, Plaintiffs suffered damages as the direct and proximate result.

## J. PRAYER

WHEREFORE, Plaintiffs requests that Defendants be cited to appear and answer and that upon final hearing, the Court grant Plaintiffs relief and enter judgment against Defendants as follows:

a. Actual damages in the amount of six hundred twenty-seven thousand, five hundred two dollars and eighty-one cents ($627,502.81);
b. All transfers from the BBO Service Providers to the Defendants be avoided;
c. Prejudgment and postjudgment interest;
d. Attorneys' fees and costs of court; and
e. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

SCHIFFER ODOM HICKS & JOHNSON PLLC

  /s/ Andrew S. Hicks
Andrew S. Hicks (attorney-in-charge)
State Bar No. 24032419
700 Louisiana St., Suite 2650
Houston, Texas 77002
Tel: 713.357.5150
Fax: 713.357.5160
 Email: ahicks@sohjlaw.com

**ATTORNEY IN CHARGE FOR PLAINTIFFS**